UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF OHIO

| | |
|---|---|
| Leslie Davis<br><br>*Plaintiff*<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>And<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br>And<br><br>COAST PROFESSIONALS, INC.,<br><br>*Defendant* | Case No.: 3:19-cv-02749<br><br><br><u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL</u> |

Plaintiff Leslie Davis ("Plaintiff"), by and through counsel, Tyler Naud Jechura, hereby alleges as follows upon information and belief against Defendant United States Department of Education ("DOE") and Defendant Coast Professional, Inc., ("Coast" or "Coast Professional").

<u>PARTIES</u>

1. Plaintiff Leslie Davis is a resident of Lucas County, Ohio.

2. Defendant Elisabeth DeVos is the Secretary of Education (the Secretary) and charged by statute with the supervision and management of all decisions and

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

actions of the United States Department of Education. Plaintiff sues Secretary DeVos in her official capacity.

3. Defendant United States Department of Education is an "agency" of the United States, within the meaning of the APA, 5 U.S.C. § 701(b)(1). It is responsible for overseeing and implementing rules for the federal student aid program.

4. Defendant Coast Professional, Inc. is a corporation stated as being formed in California, but later filings claim a formation in Nevada. Defendant Coast has an Ohio License number of 1498008. Defendant Coast has their Ohio Principal office located at 1300 East Ninth St., Cleveland, Ohio 44114. Defendant Coast is responsible for administering the collection and record keeping of student loans originated with the DOE.

## JURISDICTION AND VENUE

5. This action arises under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706, and the HEA and its amendments, 20 U.S.C. § 1001, et seq. This Court has jurisdiction over this case as it arises under federal law. 28 U.S.C. § 1331.

6. This Court is authorized to grant the relief requested in this case pursuant to the APA, 5 U.S.C. § 706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the HEA, 20 U.S.C. § 1082.

7. Venue is proper in this judicial district because Plaintiff resides in this district. 28 U.S.C. § 1391(e)(1)(C).

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

## FACTUAL ALLEGATIONS

8. Plaintiff attended Heidelberg College (now Heidelberg University) in Tiffin Ohio until graduation in May of 2009.

9. When Plaintiff attended Heidelberg College, she was married, and her name was Leslie Embry.

10. Plaintiff had her tuition to Heidelberg College paid for by her then employer, Pilkington North America NSG.

11. Plaintiff paid for all other educational related costs by utilizing grant funding or paid the expenses out-of-pocket.

12. Upon her graduation, Plaintiff was not in debt to Heidelberg College.

13. Plaintiff was unaware of an alleged debt until she received notice of an administrative wage garnishment in December of 2018.

14. The DOE and its collection agent, Coast Professional, allege the Plaintiff owes greater than $118,000.00 in student loan debt.

15. Plaintiff denies she authorized these loans.

16. Origination documentation for the loan show the loan was completed in less than 10 minutes, and were originated in 2013, after Plaintiff had graduated from Heidelberg College and during a time period when she was not taking classes at any higher education institution. (See Exhibit A).

17. Upon inspection of the origination documentation, Plaintiff saw a person listed as a reference whom she does not know. The other person listed as a

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

reference she knows, but only in passing as nothing more than an acquaintance.

18. The signature on the origination documentation was electronic. Plaintiff denies that the signature used was hers.

19. After learning of the existence of the debt, Plaintiff attempted to get more information by speaking to Defendant Coast Professional. Defendant Coast informed Plaintiff this loan belongs to "Leslie Michael Davis, Jr." and repeatedly called Plaintiff "Mr. Davis" or "Mr. Davis Jr.".

20. Plaintiff is female.

21. Plaintiffs ex-husband, Meikel Hollowell, Jr. has a history of committing acts of fraud. As the Plaintiffs husband, he would be privy to personal and private information that could be used to electronically originate a loan.

22. Neither the DOE nor Coast Professional can account for where the funds attached to this loan went or what it was used to pay for.

23. On or about January 1st, 2019, the DOE began to garnish the wages of the Plaintiff.

24. In June of 2019, Plaintiff sought review of this debt through the DOE Administrative hearing process.

25. Approximately six weeks after filing her request, Plaintiff was denied a hearing with DOE. The hearing officer claimed the loan to be valid and informed the plaintiff that her only relief was to file suit in Federal District Court.

## COUNT I

### REQUEST FOR JUDICIAL REVIEW OF AGENCY ACTION

26. The Administrative Procedure Act ("APA") requires a federal agency to render responsive decisions on matters within its purview in a prompt and definite fashion. "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. "Agency action" includes the "failure to act." 5 U.S.C. § 553(e).

27. A Court shall also "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

28. Plaintiff hereby requests judicial review of all actions of the DOE, including the failure of the DOE to hear any and all evidence showing she did not take out the student loans in question.

## COUNT II

### FAILURE TO MAINTAIN ACCURATE RECORDS

29. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

30. "The guaranty agency shall maintain current, complete, and accurate records of each loan that it holds…" 34 C.F.R. § 682.414.

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

31. Coast Professional is a guaranty agency under the meaning of 34 C.F.R. § 682.400, *et seq*.

32. By assigning the student loan to the Plaintiff, Coast Professional has failed to maintain accurate records. The failure to maintain these records has led to the Plaintiff having her wages garnished.

## COUNT III

## UNJUST ENRICHMENT

33. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

34. By forcing collection of a debt unearned by the Plaintiff, the above-referenced conduct has unjustly enriched the Defendants at the expense of the Plaintiff. This unfair consequence simply results from the retention of unearned funds, an unjust benefit contrary to good conscience and equity. Such a retention of moneys represents an act subject to the disdain of public policy.

35. Plaintiff is entitled to a repayment from the Defendants equal to the amount already withheld by garnishment, and any and all other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby demands the following relief:

(a) For an order invalidating the debt the DOE and Coast Professional claims is owed by the Plaintiff.

(b) For an order requiring a return of all funds already garnished from the wages of Plaintiff.

(c) For an order demanding an accounting of all funds allegedly loaned to Plaintiff, including a record of where funds were sent and what the funds were used for.

(d) Injunctive relief of the Administrative garnishment levied against the Plaintiff; and

(e) Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

*/s/ Tyler Naud Jechura*

Tyler Naud Jechura, Esq.
Ohio Bar No.: 0093603
P.O. Box 13034
Toledo, OH 43613
Tel.: 419-960-2997
Email: tyler.jechura@tnjlaw.com
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2019, the foregoing was filed electronically. Notice of this filing will be sent to all parties by CERTIFIED MAIL

_____
Tyler Naud Jechura, Esq.
Ohio Bar No.: 0093603
P.O. Box 13034
Toledo, OH 43613
Tel: 419-960-2997
Email: tyler.jechura@tnjlaw.com